UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 16-3830(DSD/KMM)

Steven Kelley,

       Plaintiff,

v.                                              **ORDER**

Andrew Abram,

       Defendant.

    Christa J. Groshek, Esq. and Groshek Law, 530 North 3rd Street, Suite 310, Minneapolis, MN 55401, counsel for plaintiff.

    Brendan D. Cummins, Esq., Laura I. Bernstein, Esq. and Cummins & Cummins,LLP, 920 Second Avenue South, Suite 1245, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant Andrew Abram and the motion to remand by plaintiff Steven Kelley. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion to remand and denies the motion to dismiss as moot.

## BACKGROUND

This case arises out of Kelley's claim that Abram, his co-worker at the United States Postal Service, has repeatedly harassed him - physically and verbally - at their workplace.[1] Beginning in

---

[1] Kelley and Abram are both mail processing clerks. Abram Aff. ¶¶ 2-3. Abram also handles grievances as an elected member of the Minneapolis Area Local of the American Postal Workers Union. Id. ¶ 3. Neither party asserts that Abram handled any grievance filed by Kelley or that Abram's union position is relevant to the dispute.

December 2014, Kelley reported several instances of alleged harassment to post office management. According to Kelley, management moved him to a different floor and told Abram to stay away from him. On September 29, 2016, Kelley filed an incident report alleging continued verbal harassment by Abram. The next day, before management could respond to the report, Kelley filed a petition for a harassment restraining order in Hennepin County District Court. ECF No. 1, Ex. A. Later that day, the court granted the petition ex parte, prohibiting Abram from being within three blocks of Kelley's home and within twenty feet of his job site. Id. Ex. B, at 2. The restraining order, which is in effect until September 30, 2018, expressly states that Abram can request that the order be modified or vacated within forty-five days. Id. Rather than do so, Abram removed the case to this court under the federal officer removal statute, 28 U.S.C. § 1442(a). Kelley now moves to remand and Abram moves to dismiss.

## DISCUSSION

Under 28 U.S.C. § 1442(a), federal employees have a limited right to remove state legal proceedings to federal court. The statute specifically authorizes the removal of any civil or criminal case against "any officer (or any person acting under that officer) of the United States or of any agency thereof, sued ... for any act under color of such office." Id. It is "designed to

avert various forms of state court prejudice against federal officers ... carry[ing] out federal law." Jacks v. Meridian Res. Co., LLC, 701 F.3d 1224, 1231 (8th Cir. 2012).  There is no dispute that Abram is a federal officer under the meaning of the statute.  "To qualify for removal, however, [he] must also raise a 'colorable federal defense arising out of [his] duty to enforce federal law.'" Minnesota v. Weber, 589 F. Supp. 2d 1170, 1173 (D. Minn. 2008) (quoting Mesa v. California, 489 U.S. 121, 133, 139 (1989)).  In other words, there must be a causal nexus between the challenged conduct and the defendant's official authority.  "[I]t is not enough for a federal employee to simply allege that at the time of the incident he was 'on duty and acting in the course and scope of his federal employment.'"  Id. (quoting Mesa, 489 U.S. 121, 123 (1989)).  Yet, that is exactly what Abram does here.

Abram argues that he acted under "color of [his] office" at all relevant times simply because the alleged harassment occurred at the post office.  He points to several cases from outside this district, and none issued by the Eighth Circuit, in support of his position.  The court has reviewed the cases and finds them to be unpersuasive, and distinguishable in any event.  Most of the cases involve alleged harassment by an employee's supervisor. See, e.g., Hendy v. Bello, 555 F. App'x 225, 226 (4th Cir. 2014); Haynie v. Bredenkamp, No. 16-773, 2016 WL 3653957, at *1-2 (E.D. Mo. July 8, 2016); Cubb v. Belton, No. 15-676, 2015 WL 4079077, at *4 (E.D. Mo.

3

July 6, 2015); City of Las Cruces v. Baldonado, 652 F. Supp. 138, 139 (D.N.M. 1986); Bagwell v. Brannum, 533 F. Supp. 362, 363 (D. Ga. 1982).  In such circumstances, the statute may properly apply because the supervisory relationship implicates managerial authority and disciplinary action directly related to federal employment.  Here, however, the parties are co-equal employees engaged in a personal dispute unrelated to their work, save its location.  The court does not read § 1442(a) so broadly as to permit removal in such circumstances.

For similar reasons, Abram also fails to raise a colorable federal defense.  "[R]emoval under § 1442(a)(1) ... was meant to ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties." Arizona v. Manypenny, 451 U.S. 232, 242 (1981).  As discussed, Abram's alleged misconduct was unrelated to his official duties. As a result, remand is warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that
1. The motion to remand [ECF No. 12] is granted;
2. The motion to dismiss [ECF No. 6] is denied as moot; and

      3.    The case is remanded to Hennepin County District Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 13, 2017

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court